## STATE OF MISSOURI, Respondent, v. DR. JOHN HILLMAN et al., Appellants.

### Springfield Court of Appeals, April 4, 1910.

1. **CRIMINAL LAW: Illegal Cohabitation: Evidence.** In a criminal case where defendants are charged with violating Section 2175 of the Revised Statutes of 1899, by lewdly, etc., cohabiting with each other when one of them was married, evidence examined and held sufficient to show that the man had a living wife at the time of the alleged offense.

2. **INSTRUCTION: Circumstantial Evidence: Criminal Law.** An instruction in a criminal case covering circumstantial evidence and the requisites thereof in the proof of a crime by circumstantial evidence examined and approved.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln,* Judge.

AFFIRMED.

*J. T. DeVorss* and *J. A. Moon* for appellant.

*R. M. Patterson* for respondent.

COX, J.—Defendants were charged under the second subdivision of section 2175, R. S. 1899, which provides that, "Every man and woman, one or both of whom are married, and not to each other, who shall lewdly or lasciviously abide and cohabit with each other . . . . shall, on conviction, be adjudged guilty of a misdemeanor." Trial was had before a jury, defendants convicted and an appeal perfected to the St. Louis Court of Appeals, from whence it has been transferred to this court. The errors complained of are that the court erred in one instruction given to the jury, and that the evidence does not show that defendant Hillman had a living wife at the time of the trial. The instruction complained of reads as follows:

"Evidence is of two kinds, direct and circumstantial. Direct evidence is where a witness testifies of his own personal knowledge of the main fact, or facts, to be proven. Circumstantial evidence is proof of certain facts and circumstances in a certain case from which the jury may infer other and connected facts, which usually and reasonably follow according to the common experience of mankind. Crime may be proven by circumstantial evidence as well as by direct testimony of eye witnesses, but the facts and circumstances in evidence should be consistent with each other and with the guilt of the defendants, and inconsistent with any reasonable theory of their innocence."

This instruction follows the approved form of instruction upon circumstantial evidence. [State v. Hendricks, 172 Mo. 654, l. c. 668, 73 S. W. 194.]

It is next contended that the evidence does not show that defendant Hillman was not married to the other defendant, or that he had a living wife at the time of the trial. The evidence in chief upon that question is as follows:

The State introduced W. W. Wilkerson, who testified that he was a justice of the peace of North Camp-

bell township. Then follow these questions and answers: "Q. Do you know Dr. Hillman? A. Yes, sir. Q. Do you know this lady? (pointing to Mrs. Hillman). A. Yes, sir. Q. I will ask you if you performed a marriage ceremony between these parties. A. Yes, sir. Q. When? A. Three years ago, or something like that. Q. This is the lady that was married to Dr. Hillman? (pointing to Mrs. Hillman). A. Yes, sir." This evidence tends to show that the lady to whom the justice of the peace had married Dr. Hillman some three years before was then present in court and was identified by the justice of the peace as being the woman to whom defendant Hillman had been married. Then follows this: "Q. Do you know whether or not they had been married previous to that? A. Yes, sir. they had. Q. And been divorced? A. Yes, sir. Q. And you re-married them? A. Yes, sir." Defendant Hillman, in his defense, took the stand in his own behalf, and in his cross-examination, we find this testimony. "Q. This is your wife here? A. She used to be my wife. Q. You are not divorced? A. No, sir, but she is not my wife any more."

This evidence was ample to warrant the finding of the jury that defendant Hillman was married and had a living wife at the time and that this wife was not the other defendant, Mrs. Cain.

We have examined the entire record in this case very carefully, and we find that the evidence was abundant to sustain the charge, and there being no error in the record of the trial, the judgment will be affirmed. All concur.